IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTEO JOHN KUNDRA,

              Plaintiff,

vs.

YULIYA CANTERBURY, Police Officer;
BENJAMIN HOFFMAN, Police Officer;
ERICK A. CONTRERAS, Police Officer; and
SAUL E. HIDALGO, Police Officer;

              Defendants.

**8:25CV482**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Matteo John Kundra's ("Plaintiff") Complaint, Filing No. 1, filed on July 31, 2025. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 7. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff filed his Complaint when he was confined as a pretrial detainee in the Douglas County Department of Corrections ("DCDC"). Filing No. 1 at 2, 4. Plaintiff sues four Omaha Police Department officers in their official and individual capacities—Yuliya Canterbury, Benjamin Hoffman, Erick A. Contreras, and Saul E. Hidalgo (collectively "Defendants")—for alleged violations of his constitutional rights arising out of events on June 24, 2025, in Omaha, Nebraska. As Plaintiff alleges,

> They [Defendants] acted negligently, abusively[,] and grossly. They over exerted force [and] they choked me out with a DNR hold.
> . . . .

. . . I was choked out all the way.  I was unconscious.  When I woke up I was bleeding from my head[,] arms[,] and knee.  Also I was convulsing on the ground.  The officer said he heard me snoring.

*Id*. at 4–5 (spelling and capitalization corrected).  Plaintiff alleges he suffered a broken hand and lacerations to his head, arms, and knee that required stitches, staples, and glue.  *Id*. at 5.  Plaintiff also received "a CT Scan . . . for being choked out/asphyxiated."  *Id*.

As relief, Plaintiff requests compensatory and punitive damages totaling $20,000,000 from each Defendant and a declaration that the Defendants' conduct violated his federal constitutional rights.  *Id*.  Plaintiff also seeks "[a] preliminary and permanent injunction ordering Yuliya Canterbury[,] Benjamin Hoffman[,] Erick A. Contreras[,] and Saul E. Hidalgo to stop using and justifying unnecessary and excessive force and that they should be removed from duty."  *Id*. (spelling corrected).

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) and 1915A.  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  ANALYSIS OF CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, Plaintiff's Complaint fails to state a plausible claim for relief against Defendants in either their official or individual capacities, but the Court will give Plaintiff leave to amend his claims and also will require Plaintiff to update his address with the Court.

### A.  Official Capacity Claims

Plaintiff's claims against Defendants in their official capacities are actually claims asserted against Defendants' employing entity, the City of Omaha. *Elder-Keep v.*

*Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity.  A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (citation omitted).

The City of Omaha may only be liable under section 1983 if a "policy" or "custom" of the City caused a violation of the Plaintiff's constitutional rights.  *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.  *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir. 1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).  To establish the existence of a governmental "custom," a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of the City of Omaha or that his injuries resulted from a failure to train

4

or supervise the Defendant police officers. "At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (quoting *Doe ex rel. Doe v. Sch. Dist. of City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2003)). Thus, Plaintiff's official-capacity claims are subject to dismissal for failure to state a claim upon which relief may be granted.

### B. Individual Capacity Claims

Liberally construed, Plaintiff alleges Defendants subjected him to excessive force in violation of the Fourth Amendment. "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment," *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized"[1] within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

---

[1] To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The Court may also consider the result of the force.  *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009).  "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

Plaintiff alleges, in conclusory fashion, that Defendants subjected him to excessive force by placing him in a choke hold.  However, as the Supreme Court has explained, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted) (quoting *Twombly*, 550 U.S. at 555, 557).  Here, Plaintiff does not provide any factual context for the encounter between himself and Defendants on June 24, 2025, such as how or why the encounter was initiated or who initiated contact, what precipitated Plaintiff being placed in a choke hold, or even which Defendant or Defendants placed Plaintiff in the choke hold.  "To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation." *Kingsley v. Lawrence Cnty.*, 964 F.3d 690, 700 (8th Cir. 2020) (quoting *White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017)).  A plaintiff must plead that each

6

Government-official defendant, through the official's own individual actions, has violated the Constitution. *Iqbal*, 556 U.S. 662, 676 (2009). Because Plaintiff does not allege any facts describing what each Defendant did to him or how each Defendant's conduct harmed him, Plaintiff's Complaint lacks sufficient facts to "nudge[] [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Thus, as it stands, Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendants and is subject to dismissal under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). However, on the Court's own motion, Plaintiff will be given leave to file an amended complaint to allege plausible claims for relief against Defendants in their individual and official capacities to the extent such claims can be truthfully pleaded.

## C.  Relief Requested

If Plaintiff files an amended complaint, he should be aware that some of the relief sought in his Complaint is not available to him. The Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626, limits prospective relief to an order correcting the violation. *See Farner v. Duncan*, No. 16-CV-310-NJR, 2016 WL 3254519, at *4 (S.D. Ill. June 14, 2016) (citing 18 U.S.C. § 3626(g)(9), (g)(7); *Rowe v. Jones*, 483 F.3d 791, 795 (11th Cir. 2007)). Prospective relief is defined as including "all relief other than compensatory monetary damages." 18 U.S.C. § 3626(g)(7). Therefore, to the extent Plaintiff seeks termination of Defendants' employment and limitations on their future conduct in general, such relief is outside the scope of this Court's authority under the PLRA.

**D.  Address Update Required**

As indicated above, Plaintiff filed this action when he was in the DCDC's custody. According to the DCDC's online inmate records, Plaintiff is no longer confined in that institution.  *See* https://corrections.dccorr.com/inmate-locator (last visited Feb. 9, 2026). Rather, Plaintiff is now in the Nebraska Department of Correctional Services' custody. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp?new=true (last visited Feb. 9, 2026).  Plaintiff has an obligation to keep the Court informed of his current address at all times.  *See* NEGenR 1.3(e) and (g) (requiring pro se parties to adhere to local rules and inform the Court of address changes within 30 days).  As such, the Court will require Plaintiff to update his address within 30 days or face dismissal of this action.

## IV.  PENDING MOTION FOR COUNSEL

Plaintiff also filed a motion asking the Court to appoint counsel to represent him. Filing No. 9.  "There is no constitutional or statutory right to appointed counsel in civil cases."  *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).  A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011).  "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony."  *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time.  This appears to be a relatively straightforward

excessive force case, for which there is ample legal authority and for which the facts should be readily discoverable.  Plaintiff also has demonstrated an ability to present his claims, at least in these early stages of litigation.  The Court is, however, aware that this situation may change as litigation progresses.  As the Eighth Circuit Court of Appeals instructs, the Court will "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree."  *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

## V.  CONCLUSION

In its present form, Plaintiff's Complaint fails to state a plausible claim for relief against Defendants in either their official or individual capacities.  However, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that states a plausible claim for relief against Defendants and clearly explains what each Defendant did to him, when each Defendant did it, and how each Defendant's actions harmed Plaintiff.  Plaintiff is advised that any amended complaint he files will supersede his original Complaint.  Plaintiff must also update his address with the Court if he wishes to pursue this action.  If Plaintiff fails to file an amended complaint and update his address in accordance with this Memorandum and Order, this action will be dismissed without prejudice and without further notice.  The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

9

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order.  Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff.

2.      In the event that Plaintiff files an amended complaint, Plaintiff shall restate the relevant allegations of the Complaint, Filing No. 1, and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

3.      The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A in the event he files an amended complaint.

4.      In addition, Plaintiff must update his address within 30 days.  Failure to do so will result in dismissal of this action without further notice to Plaintiff.

5.      The Clerk of Court is directed to set a pro se case management deadline using the following text: **March 12, 2026**: deadline for amended complaint and to update address.

6.      The Clerk of Court is directed to send a copy of this Memorandum and Order to Plaintiff at the address the Court has on file and to the following address:

Matteo Kundra
221568
Reception and Treatment Center
PO Box 22800
Lincoln, NE 68542-2800.

10

7.    Plaintiff's motion for appointment of counsel, Filing No. 9, is denied without prejudice to reassertion.

Dated this 10th day of February, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge