IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTEO JOHN KUNDRA,

Plaintiff,

vs.

YULIYA CANTERBURY, Police Officer; BENJAMIN HOFFMAN, Police Officer; ERICK A. CONTRERAS, Police Officer; and SAUL E. HIDALGO, Police Officer;

Defendants.

**8:25CV482**

**MEMORANDUM AND ORDER**

Plaintiff filed a Complaint, Filing No. 1, on July 31, 2025, when he was a pretrial detainee incarcerated in the Douglas County Department of Corrections and was given leave to proceed in forma pauperis, Filing No. 7. On February 10, 2026, the Court conducted an initial review under 28 U.S.C. §§ 1915(e) and 1915A and determined Plaintiff's Complaint failed to state a claim upon which relief may be granted against any of the defendants in either their official or individual capacities. Filing No. 11. However, the Court gave Plaintiff leave to file an amended complaint to allege plausible claims for relief against the defendants. *Id*. at 9. Plaintiff timely filed his amended complaint, Filing No. 13, on March 9, 2026, when he was a prisoner in the custody of the Nebraska Department of Correctional Services ("NDCS"). While the Court advised Plaintiff that any amended complaint he filed would supersede, not supplement, his Complaint, the Court, in the interests of justice, will construe the amended complaint as supplemental to the original Complaint and consider the pleadings together as the "Amended Complaint." *See* NECivR 15.1(b) (court may consider pro se litigant's amended pleading as supplemental to, rather than as superseding, the original pleading). The

Court now conducts an initial review of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF AMENDED COMPLAINT

Plaintiff again sues four Omaha Police Department officers in their official and individual capacities—Yuliya Canterbury, Benjamin Hoffman, Erick A. Contreras, and Saul E. Hidalgo (collectively "Defendants")—for subjecting him to excessive force in the course of arresting him on June 23, 2025. Plaintiff alleges the following as his statement of claim.

On June 23, 2025, at approximately 4:30 p.m., Plaintiff fled from the police at Mega Saver on 24th and P Streets in Omaha, Nebraska. Plaintiff lost the police for about two hours, but the police made contact with Plaintiff around 6:40 to 7:30 p.m. at 22nd and N Streets. Plaintiff "tried to flee again after jumping through the front window of a house." Filing No. 13 at 1. Officer Canterbury then tried to stop Plaintiff, and Plaintiff spun as Canterbury lunged for Plaintiff's legs. She got hold of one leg and Plaintiff fell forward. Canterbury yelled, "He's going for my gun." *Id*. at 2. At this point, Plaintiff "felt punches and blows being administered. During all this, one of [his] arms is already in cuffs and [his] other arm is behind [his] back." *Id*. Plaintiff is unsure which officers did what as he could not see. At some point, Officer Hidalgo put Plaintiff in a choke hold and yelled, "Don't go to sleep mother fucker," and then again, "Don't go to sleep on me!" *Id*. Plaintiff passed out and came to "convulsing on the ground and in cuffs." *Id*. Plaintiff then was taken to UNMC and received treatment for a broken hand and multiple lacerations that required staples, stitches, and glue. Plaintiff also was given a C.T. scan.

Plaintiff alleges these events were captured on body camera footage, which he reviewed with his public defender. Plaintiff alleges the Defendants violated his Fourth Amendment constitutional rights by subjecting him to excessive force and by "allowing this to happen and not trying to stop Officer Saul E. Hidalgo [from] putting [him] in a DNR choke hold." *Id*. at 3.

Plaintiff alleges he suffered physical, mental, and emotional injuries and seeks monetary damages and the Defendants' termination. *Id*.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim,

and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION

Liberally construed, Plaintiff's allegations raise claims of excessive force and failure to protect under the Fourth Amendment against Canterbury, Hoffman, Contreras, and Hidalgo in their official and individual capacities. As with his initial Complaint, Plaintiff's Amended Complaint fails to state a claim against Defendants in their official capacities for the same reasons discussed in the Court's previous initial review order—that is, Plaintiff does not allege facts suggesting any actions were taken pursuant to a policy or custom of the City of Omaha or that his injuries resulted from a failure to train or supervise the Defendant police officers. *See* Filing No. 11 at 4–5. Accordingly, Plaintiff's official-capacity claims against Defendants will be dismissed. However, as explained below, Plaintiff's Amended Complaint alleges sufficient facts to state plausible claims for relief against Defendants in their individual capacities, but Plaintiff's continued

authorization to proceed in forma pauperis must be addressed before this matter may proceed further.

**A. Excessive Force**

The Court set forth the relevant standards governing Fourth Amendment excessive force claims in its prior initial review order and incorporates that discussion here. Filing No. 11 at 5–6. Unlike his original Complaint, Plaintiff's Amended Complaint provides factual context for the encounter between Plaintiff and Defendants leading up to the alleged use of excessive force in arresting Plaintiff. While Plaintiff alleges that he was attempting to evade arrest and flee from Defendants, his allegations, taken as true and liberally construed, raise an inference that each of the Defendants administered punches and blows to Plaintiff and that Officer Hidalgo put Plaintiff in a choke hold and caused Plaintiff to lose consciousness after he had been restrained and while one of his arms was in handcuffs and the other arm was behind his back. Filing No. 13 at 2. Plaintiff also alleges that, as a result of Defendants' actions, he had to receive medical treatment for a broken hand and multiple lacerations. For purposes of initial review, these allegations are sufficient to state an excessive force claim against each Defendant in their individual capacity.

**B. Failure to Protect**

Liberally construed, Plaintiff alleges Defendants Canterbury, Hoffman, and Contreras failed to protect him in violation of the Fourth Amendment when they failed to stop Officer Hidalgo from putting Plaintiff in a choke hold. Filing No. 13 at 3. "[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment" when "'(1) the

officer observed or had reason to know that excessive force would be or was being used, and (2) the officer had both the opportunity and the means to prevent the harm from occurring.'" *Nance v. Sammis*, 586 F.3d 604, 612 (8th Cir. 2009) (quoting *Floyd v. City of Detroit*, 518 F.3d 398, 406 (6th Cir. 2008)). "[A]n officer may be liable for failing to intervene to prevent another officer's use of excessive force against a subject, [but] such liability is contingent upon, among other things, the primary officer using excessive force in the first place." *Mortensbak v. Butler*, 102 F. Supp. 3d 1085, 1099 (D.S.D. 2015); *see also Farrington v. Smith*, 707 F.3d 963, 972 (8th Cir. 2013) (same); *Hicks v. Norwood*, 640 F.3d 839, 843 (8th Cir. 2011) (same).

Here, Plaintiff alleges Canterbury, Hoffman, and Contreras were "accessor[ies] to the violation of [his] rights and allow[ed] this to happen and [did] not try[] to stop Officer Saul E. Hidalgo putting [Plaintiff] in a DNR choke hold." Filing No. 13 at 3. For purposes of initial review, the Court finds Plaintiff's allegations are sufficient to allege a failure-to-protect claim against Canterbury, Hoffman, and Contreras in their individual capacities.

**C. Plaintiff's Release from Incarceration**

When Plaintiff filed his Amended Complaint on March 9, 2026, he also submitted a notice of address change and informed the Court that he was then in custody at the Omaha Correctional Center. Filing No. 14. Plaintiff also indicated that he would be released on March 24, 2026, and provided his post-release address. *Id*. A search of NDCS' online inmate records confirms that he has been released and is no longer in custody. *See* https://dcs-inmatesearch.ne.gov/Corrections/COR_input.jsp (last visited Oct. 14, 2026). Since Plaintiff is no longer incarcerated, he must now file a new

application for leave to proceed in forma pauperis if he wishes to continue pursuing this case in forma pauperis. Plaintiff may, in the alternative, pay the Court's $405.00 filing and administrative fees.

## IV. CONCLUSION

Plaintiff's Amended Complaint fails to state plausible claims for relief against Defendants in their official capacities, and those claims will be dismissed. However, Plaintiff's Fourth Amendment excessive force and failure to protect claims may proceed against Defendants in their individual capacities as set forth above. The Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Amended Complaint. This is not a determination of the merits of Plaintiff's claims or potential defenses thereto. Moreover, this matter will not proceed to service of process until Plaintiff either files a new application to proceed in forma pauperis or pays the Court's filing and administrative fees. Failure to take either action will result in the Court dismissing this case without prejudice and without further notice to Plaintiff.

IT IS THEREFORE ORDERED that:

1. For purposes of initial review, Plaintiff has stated plausible Fourth Amendment claims of excessive force against all Defendants and plausible failure to protect claims against Defendants Canterbury, Hoffman, and Contreras only in Defendants' individual capacities.

2. Plaintiff's claims against Defendants in their official capacities are dismissed.

3. Before this matter may proceed, Plaintiff must either file a new request for leave to proceed in forma pauperis or pay the Court's $405.00 filing and administrative

fees within 30 days. Failure to take either action will result in dismissal of this matter without further notice to Plaintiff.

4. The Clerk of the Court is directed to update Plaintiff's address to the address provided in Plaintiff's notice of address change, Filing No. 14.

5. The Clerk of the Court is directed to send to Plaintiff the Form AO 240, "Application to Proceed Without Prepayment of Fees and Affidavit."

6. The Clerk of the Court is directed to set a pro se case management deadline with the following text: **November 16, 2026**: deadline for Plaintiff to file new IFP application or pay filing fee.

7. Plaintiff shall keep the Court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

Dated this 15th day of October, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge